

| | |
|---|---|
| HALEY WILLOUGHBY,<br><br>Plaintiffs,<br><br>V.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 5:19-041-KKC<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Haley Willoughby's motion to remand (DE 7) this action to state court. For the following reasons, the motion will be granted.

Willoughby filed this action in Powell Circuit Court alleging that she was injured while a passenger in a car driven by Broukelyn Martin. She alleged that she was insured by a policy issued by defendant Allstate Property & Casualty Insurance Company, which provided at least $100,000 in underinsured motorist coverage. She alleged that she filed a claim with Allstate, but Allstate has not responded to her claim. Willoughby asserts a claim against Allstate for the underinsured motorist coverage she alleges is due under the policy. She also asserts claims for statutory and common-law bad faith against Allstate.

Allstate removed the action to this Court asserting that this Court has "diversity" jurisdiction over the action pursuant to 28 U.S.C. §1332(a), which establishes federal jurisdiction over actions that are between citizens of different states where the amount in controversy exceeds $75,000. There is no dispute that the parties are citizens of different states. Willoughby is a Kentucky citizen; Allstate is an Illinois citizen.

The issue is whether the amount in controversy exceeds $75,000. In the complaint, Willoughby alleges that Allstate has acted in bad faith "[b]y failing to honor the Plaintiff's claims for underinsured benefits in the amount of at least $100,000, and pay, despite the Plaintiff's repeated demands. . . . " (DE 1-1, Complaint ¶19.) In addition, Willoughby seeks punitive damages. Nevertheless, Willoughby states in the complaint that she seeks a judgment for the policy claim and the statutory bad faith claim in an amount "not to exceed $74,999." (DE 1-1, Complaint at CM-ECF p. 8.) Willoughby further states in the complaint that the limitation applies to damages for pain and suffering, medical expenses, lost wages, punitive damages, and "any and all other damages discovered." (DE 1-1, Complaint at CM-ECF p. 8.)

"Generally, since the plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). This is because it is perfectly acceptable for a plaintiff who does not wish to try his case in federal court to sue for less than the federal jurisdictional amount and, in such circumstances, the defendant cannot remove the case even though the plaintiff would be entitled to more damages than he seeks. *Id.*

Allstate argued in its notice of removal, however, that Willoughby's statement in the state court complaint limiting Willoughby's damages is not "unequivocal." Only "unequivocal" statements limiting damages are acceptable to clarify the amount in controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). Thus, Allstate argues, the statement should not be considered in determining this Court's jurisdiction.

Willoughby does not state in her complaint that she will not seek or accept damages of more than $75,000. She merely states that she demands judgment for damages "not to exceed $74,999." The statement is even more ambiguous regarding the amount in controversy

2

given that, under Kentucky Rule of Civil Procedure 54.03(2), the state court must grant the plaintiff the amount she is entitled to, regardless of whether she demanded that amount in her complaint.

The Sixth Circuit has recognized that rules like this "might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement." *Gafford*, 997 F.2d. at 157-58. To prohibit such gamesmanship, the Sixth Circuit permits removal, even where the plaintiff alleges in his complaint that he seeks less than $75,000, if the removing defendant shows that it is "'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford*, 997 F.2d at 158).

In support of removal, Allstate points to the fact that its policy provides at least $100,000 in underinsured motorist coverage. It submits a letter dated August 13, 2018 in which Willoughby's counsel demands the full $100,000. (DE 1-2, Letter.) Further, Allstate points out that Willoughby seeks both compensatory and punitive damages for Allstate's bad faith in handling the claim. With her motion to remand, however, Willoughby attaches a stipulation in which she states, "I am not seeking, will not seek on behalf of myself, nor will I accept on behalf of myself, damages in excess of $74,999.00, inclusive of punitive damages, attorney's fees and the fair value of injunctive relief." She further clarifies, "[t]his stipulation should be construed that I am limiting my total recovery to no greater than $74,999.00."

In its response, Allstate states that it will "accept" Willoughby's stipulation and "agree" to the case being remanded if Willoughby states two things in her reply memorandum. First, she must clarify that she will not seek more than $74,999 as a total amount collectively for both the policy

3

and bad-faith claims. Second, her counsel must also state that they will not seek damages of more than $74,999 on Willoughby's behalf.

Willoughby did not file a reply memorandum. Nevertheless, whether Allstate accepts the stipulation and agrees to this Court remanding the case is not dispositive on the issue of federal jurisdiction. The question is whether Allstate has proved it more likely than not that the amount in controversy exceeds $75,000. If so, the Court cannot remand it. "[W]hen a federal court has jurisdiction, it also has a 'virtually unflagging obligation. . . to exercise' that authority." *Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). If, on the other hand, Allstate has failed to sufficiently prove that the amount in controversy exceeds $75,000 then the Court has no jurisdiction over this action, and it must remand it.

The amount in controversy is determined by the status of the case at the time of removal. *Rogers*, 230 F.3d at 871. Nevertheless, courts have accepted stipulations filed after removal where the stipulation merely clarifies the amount in controversy and does not change the amount in controversy from the time of removal. *See e.g., Shupe*, 566 F. App'x at 481; *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777–78 (W.D.Ky.2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990); *Helton v. Lelion*, No. CIV.A. 5:14-363-DCR, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014).

As discussed, the amount in controversy is not clear from the face of the plaintiff's complaint. As Allstate points out, the statement in the complaint limiting damages to below $75,000 is ambiguous. Accordingly, the Court will consider the stipulation to the extent it clarifies the amount in controversy. The stipulation clarifies that Willoughby is not seeking, will not seek, and will not accept damages of more than $74,999. It clarifies that the limitation applies to all damages and all

4

claims asserted. Willoughby explicitly states that the stipulation limits her "total recovery" to $74,999 maximum.

This clarifies that Willoughby will neither make a demand for nor accept a damages award that exceeds $75,000. This is the kind of stipulation that courts have found to be unequivocal limitations of damages. *See Shupe*, 566 F. App'x at 481–82 (citing *Spence v. Centerplate,* 931 F.Supp.2d 779, 780, 782 (W.D.Ky.2013).

Further, the stipulation is binding and "leaves Plaintiff no room to escape the bounds of its restrictions." *Spence*, 931 F. Supp. 2d at 782. The state court "will be forced to rely on this stipulation to prevent the award of excess damages." *Id.* A statement by Willoughby's attorneys that they will not seek additional damages on Willoughby's behalf is not necessary; Willoughby's counsel is acting as her agent in this action and only as her agent. Willoughby has stipulated that she will not seek or accept damages of more than $74,999. Her counsel is bound by that stipulation.

Thus, the Court cannot find it more likely than not that that the amount in controversy in this action exceeds $75,000. In reaching the conclusion that this matter must be remanded, the Court is mindful of the fact that, "the removal statutes are to be strictly construed and 'all doubts should be resolved against removal.'" *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

For all these reasons, the Court hereby ORDERS that Willoughby's motion to remand (DE 7) is GRANTED and this matter is REMANDED to the Powell Circuit Court.

This 5th day of April 2019



Signed By:
Karen K. Caldwell
United States District Judge

5